**EBENEZER MANN *vs.* JOHN TUCK.**

TORT in the nature of trespass for breaking and entering the plaintiff's dwelling-house. The defendant in his answer alleged his ignorance as to the ownership of the close, and denied the breaking and entering.

At the trial in the superior court, before *Morton*, J., it appeared that the plaintiff occupied the premises as tenant at will of one Jenness, under a parol agreement made December 9th 1865. On December 11th 1865 Jenness made a written lease to Matilda Rainard for one year, and notice thereof was given to the plaintiff on the same day. The plaintiff objected to the admission of evidence to prove this fact, but it was admitted *de bene*. The alleged trespass consisted of an attempt to get possession of the premises for and on behalf of said Rainard on December 12th 1865. The judge instructed the jury that under the pleadings, if they found the facts as above stated, the plaintiff was entitled to recover.

The jury found a verdict for the plaintiff, and the defendant alleged exceptions; and the judge reported the case for the determination of this court.

*H. Carter*, for the defendant.

*C. J. Noyes & W. E. Blunt*, for the plaintiff.

BIGELOW, C. J. This case must be governed by *Ward* v. *Bartlett*. The evidence of the defendant's authority to enter as agent of the new lessee was inadmissible under the answer. It was in the nature of a justification of the alleged wrongful entry, under a license from a person entitled to possession of the premises. As the case stood on the pleadings, and disregarding the evidence which was inadmissible thereunder, the plaintiff had sufficient possession to maintain trespass against the defendant, who on the proof could be regarded only as a stranger                    *Exceptions overruled.*